11-8711.131                                                    March 21, 2013

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DIANNE RENGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 8711 |
| ) | |
| HORSESHOE HAMMOND, LLC d/b/a ) | |
| HORSESHOE HAMMOND CASINO and ) | |
| CAESARS ENTERTAINMENT CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant Horseshoe Hammond, LLC moves for summary judgment on three grounds. It argues that the evidence fails to show: (1) that the plaintiff slipped and fell on the puddle of water in question; (2) that the defendant's portable bar, as opposed to some other source, was responsible for the puddle; and (3) that the defendant had notice that the water was on the floor.

On the first two issues, we believe there is evidence sufficient for a jury to conclude that the plaintiff did slip and fall on the puddle of water and that the water came from the defendant's portable bar. The plaintiff's deposition testimony is that she lost her footing on "something wet." (Def.'s Mot., Ex. A, at 68.) When she was on the ground, she could see "small amounts of water that was just beyond where [her] face was laying." (Def.'s Mot., Ex. A, at 69.) Gina Huff, a casino patron, saw the

plaintiff fall. (Def.'s Mot., Ex. D, at 7.) She went over to the area where plaintiff had fallen and saw a puddle of water that was near the bar area. There is no evidence of any other reason for a slippery surface. Two casino employees, Kimberly Knoche and Thomas Cypress, testified that water from melting ice cubes at the portable bar had escaped onto the marble floor on occasions prior to the plaintiff's fall.

The defendant points out that a surveillance DVD shows that only nineteen seconds before plaintiff's fall, "a casino patron carried an open beverage across the very area where plaintiff's foot slipped." (Def.'s Reply at 1.) The patron could have spilled some of the drink, but we think the plaintiff is entitled to have a jury weigh the probabilities. A jury could well find that, as against the likelihood that a patron walking with a drink would spill some of it, the continuous operation of the portable bar with a chest of melting ice was a more likely source of the puddle.

On the question of notice, the plaintiff cites a number of Illinois cases indicating that proof of actual or constructive notice is unnecessary where the dangerous condition was created by the defendant. Here, we believe that the jury could find from the evidence that the puddle of water was a result of leakage from the defendant's portable bar. In that event, the plaintiff would not need to show how long the puddle had been there or that the

- 3 -

defendant's employees knew it was there.[1]

**CONCLUSION**

The defendant's motion for summary judgment [17] is denied.

DATE:     March 21, 2013

ENTER:    _____
          John F. Grady, United States District Judge

---

[1] This will require some carefully-drafted jury instructions, and the parties are requested to have their proposals prepared in advance of trial.